UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN STERNI,<br><br>   Plaintiff,<br><br>   v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>   Defendants. | No. 2:12-cv-02472 LKK DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

**III. Plaintiff's Complaint**

In his complaint, plaintiff alleges that the San Joaquin County Public Defender's Office has tried to "cover up this lawsuit and fabercate [sic] a lot of evidence[,]" including police and doctor reports which were allegedly entered into evidence during plaintiff's competency hearing as well as at his subsequent preliminary hearing and trial. (ECF No. 1 at 6.) In terms of relief, it appears that plaintiff seeks an order from this court requiring that copies of all court documents and transcripts from his competency hearing, preliminary hearing and trial be provided to him. (Id.)

Plaintiff also alleges as follows in his complaint. In September or October of 2011, plaintiff was assaulted while incarcerated at the San Joaquin County Jail. (Id. at 3.) On or about January 7, 2012, plaintiff was pepper-sprayed, "shot 5 time[s] with a shot gun" and also with a taser. (Id.) Plaintiff contends that he was not resisting officers at the time of this incident. Although plaintiff was taken to the hospital, he was not seen by a doctor and was returned to the County Jail. (Id. at 3-4.) Plaintiff was placed in 5-point restraints and "was forced medication and left for about 13 hr. with peper [sic] spray and pain in eyes and else where[.]" (Id. at 4.) In terms of relief with respect to these allegations, plaintiff seeks monetary damages, an investigation by the F.B.I. or U.S. Justice Department, a list of the names of officers and doctors involved in the alleged incidents, and reports, photographs and video of his cell extraction and of his injuries. (Id. at 5.)

In his complaint plaintiff names as defendants: (1) Doe correctional officers, medical doctors and staff at the San Joaquin Jail, (2) Ellen Schwarzenberg, Edmund Shaver and Miriam Tanya Lyell of the San Joaquin County Public Defender's Office, and (3) "San Joaquin County 'Does[.]'" (Id. at 2.)

**IV. Discussion**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff has not identified his claims and it appears that plaintiff may have named improper

/////

3

1  Defendants in the § 1983 action.[1]  Although the Federal Rules adopt a flexible pleading policy, a
2  complaint must give fair notice to the defendants and must allege facts that support the elements
3  of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
4  Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
5  defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the
6  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
7  however, grant leave to file an amended complaint.

8       If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how
9  the conditions complained of resulted in a deprivation of his federal constitutional or statutory
10 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any amended complaint must allege
11 in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.
12 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
13 connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
14 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
15 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
16 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
18 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
19 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
20 amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
21 Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
22 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
23 and the involvement of each defendant must be sufficiently alleged.

---

[1] In order to state a claim under section 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Plaintiff is advised that public defenders do not act under color of state law for purposes of § 1983 when performing traditional lawyer duties.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

**V. Request for the Appointment of Counsel**

In a notice of change of address plaintiff has filed with the court, he also requests the appointment of counsel because of his limited access to the law library at his institution of confinement.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. The request will be denied.

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 24, 2012 application to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided with this order and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

    5. Plaintiff's October 12, 2012 request for the appointment of counsel (ECF No. 5) is denied.

    6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: September 28, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ster2472.14